UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRED SHANNON DAMRON

        Petitioner,               Case No. 10-10437
                                                  Honorable David M. Lawson
v.

LLOYD RAPELJE,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

      Petitioner Fred Shannon Damron, presently confined at the Cooper Street Correctional Facility in Jackson, Michigan, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his guilty-plea-based conviction of first-degree criminal sexual conduct. He says that the conviction is invalid because there was an insufficient factual basis to support his plea, and his conviction violates his state and federal constitutional rights to due process, freedom of speech, and freedom of association. The respondent has filed an answer to the petition asserting that the petitioner's guilty plea forecloses all claims of antecedent constitutional infirmity and the claims lack merit because the decision of the Michigan trial court denying his motion to withdraw his plea did not result in an objectively unreasonable application of clearly established United States Supreme Court precedent. The Court agrees that the claims lack merit, therefore the petition will be denied.

I.

      This case arises from two separate prosecutions against petitioner that were consolidated. In case number 06-14330, the petitioner was charged with four counts of use of a computer to

commit a crime and one count of using the internet to facilitate a sexual act. In case number 07-5125, the petitioner was charged with one count of first-degree criminal sexual conduct, one count of child sexually abusive activity, and two counts of use of a computer to commit a crime.

On March 30, 2007, the petitioner pleaded guilty to one count of using a computer to commit a crime in case number 06-14330, and first-degree criminal sexual conduct and one count of using a computer to commit a crime in case number 07-5125. In exchange, the state dismissed the remaining counts and agreed to a minimum sentence of ten years on the criminal sexual conduct charge in case number 07-5125 and a guidelines sentence in case 06-14330. The trial court's questioning of the petitioner included the following exchange:

| | |
|---|---|
| COURT: | Do you remember on or about, or some -- in the period around August 18th, 2006? |
| DAMRON: | Yes. |
| COURT: | Did you come into contact with a young lady that you later learned was a minor? |
| DAMRON: | Yes. |
| COURT: | Did you have sexual intercourse with her? |
| DAMRON: | Yes. |
| COURT: | And by sexual intercourse, what do you mean? |
| DAMRON: | Vaginal penetration. |
| COURT: | Okay. And did you -- how old did you think she was? |
| DAMRON: | Originally, seventeen. |
| COURT: | Okay. Now, when you -- you had got in contact with this young lady through the use of a computer; is that correct? |
| DAMRON: | Correct. |
| COURT: | And when you went on the computer, were you looking for somebody who was a minor? |
| DAMRON: | No, your Honor. |
| COURT: | Okay. When you went online, what were you doing? |
| COUNSEL: | (Softly speaking to Defendant Damron) |
| COURT: | Ah, no, just let him tell me, |
| DAMRON: | Right, I was looking for someone under eighteen. |
| COURT: | What? |
| DAMRON: | Under eighteen. |
| COURT: | Under eighteen? |
| DAMRON: | Correct. I know -- |

| | |
|---|---|
| COURT: | Were you looking for somebody as young as sixteen? |
| DAMRON: | Yes. |
| COURT: | And did you use a computer to solicit for sexual acts? |
| DAMRON: | Yes. |
| COURT: | To accomplish -- to get her to meet you? |
| DAMRON: | Yes. |
| COURT: | Are the People satisfied with the factual basis? |
| PROSECUTOR: | Yes, your Honor. |
| COURT: | Defense satisfied? |
| COUNSEL: | Yes, your Honor. |
| COURT: | Okay. I find that there is a factual basis for using the computer to commit a crime, accosting and soliciting a minor; and also the criminal sexual conduct first degree. By the way, stipulation as to the age of the minor? |
| PROSECUTOR: | She was fifteen. |
| COURT: | Okay. Do you stipulate? |
| COUNSEL: | We will stipulate. |
| COURT: | All right. Also, that I find that he used a computer to commit a crime; that is, child sexual abusive activity. |

Tr. Plea Hr'g at 9-12.

The petitioner was sentenced on May 17, 2007 to ten to fifteen years imprisonment for first-degree criminal sexual conduct and time served for using a computer to commit a crime.

On November 15, 2007, the petitioner filed a motion to withdraw the guilty plea. He argued that the factual basis was wanting because his admissions at the plea hearing did not establish all the elements of the crime. Under Michigan law, first-degree criminal sexual conduct requires proof of sexual penetration plus an aggravating factor. Mich. Comp Laws § 750.520b(1). The State's theory was that the petitioner engaged in sexual penetration while committing another felony, which in this case was engaging in child sexual abusive activity. The petitioner argued that the child sexual abuse statute (which prohibits "[a] person [from] . . . entic[ing] . . . a child [i.e., someone under age 18] to engage in a child sexually abusive activity for the purpose of producing any child sexually abusive material, . . . or conspires to arrange for . . . any child sexually abusive activity," Mich. Comp. Laws

§ 750.145c(2)) conflicts with the criminal sexual conduct statutes, which allow consensual sexual activity with persons over 16 years old, absent aggravating factors not present here. *See* Mich. Comp. Laws § 750.520d(1)(a). He contended that it can be no crime to solicit someone whom he though was over 16 years old to have sex, when it is no crime actually to have sex with someone over 16 years old. And he said a statute that prevents him from making such contacts violates the First Amendment. He also argued that the solicitation crime essentially amounted to an attempt, which merged into the completed offense, so it could not qualify as a separate felony that satisfies the aggravating factor for first-degree criminal sexual conduct. The trial court held a hearing on the motion on December 14, 2007 and, without actually addressing either argument, denied it on the record.

The petitioner then filed a delayed application for leave to appeal, raising the same issues, but the Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. Damron*, No. 284187 (Mich. App. Apr. 17, 2008). The Michigan Supreme Court denied leave to appeal in a form order. *People v. Damron*, 482 Mich. 1032, 769 N.W.2d 197 (2008).

The petitioner filed a timely federal habeas petition in this Court raising the following claims for relief:

    I.    Both the Michigan Court of Appeals and the Michigan Supreme Court erred when they failed to grant defendant leave to appeal, challenging his plea where there was an insufficient factual basis to support it on the government's theory that penetration occurred during the course of another felony and because it violated his state and federal constitutional rights to due process, freedom of speech, and freedom of association.

    A.    As Applied to Mr. Damron, MCL 750.145c conflicts with MCL 750.520d and is Overly Broad and Impinges on His First Amendment Rights.

> B. MCL 750.145c Cannot be Considered "Any Other Felony" for Purposes of MCL 750.520b(1)(c) because It is an Attempt Statute and Merged With the Substantive Offense.

Pet. at 3. The respondent filed an answer that contains several boiler-plate, non-meritorious procedural defenses, and eventually argues that the petition lacks merit because there is no federal constitutional requirement that a guilty plea be supported by a proper factual statement from the accused. The respondent does not address the petitioner's First Amendment argument.

II.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering an application for a writ of habeas corpus raising constitutional claims. *Wiggins v. Smith*, 539 U.S. 510, 520 (2003). As amended, 28 U.S.C. § 2254(d) permits a federal court to issue the writ only if the state court decision on a federal issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or it amounted to "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). Under that review standard, mere error by the state court does not justify issuance of the writ; rather, the state court's application of federal law must have been "objectively unreasonable." *Wiggins*, 539 U.S. at 520-21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) (internal quotes omitted)). "Clearly established" federal law refers to the holdings of the United States Supreme Court at the time of the relevant state court decision, as opposed to dicta. *Williams*, 529 U.S. at 412. Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a

person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.").

The Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams*, 529 U.S. at 405-06.

The Supreme Court has held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409. The Court has explained that

> [A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law. Indeed, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must be objectively unreasonable. This distinction creates a substantially higher threshold for obtaining relief than *de novo* review. AEDPA thus imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt.

*Renico v. Lett*, 559 U.S. 766, --- 130 S. Ct. 1855, 1862 (2010) (emphasis original) (internal citations and quotation marks omitted); *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) ("it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (citations omitted).

A.

The petitioner first argues that he is entitled to habeas relief because there was insufficient factual basis for his plea to first-degree criminal sexual conduct. However, the United States Constitution does not require that a court establish a factual basis to support a guilty plea. *North Carolina v. Alford*, 400 U.S. 25, 37 (1970) (stating that "while most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty"); *see also United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995). Michigan law contains such a requirement. *See* Mich. Ct. R. 6.302(D)(1). But federal habeas relief is not available for violations of state law and procedure that do not infringe federal constitutional rights. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). It appears that the trial court did not elicit factual admissions from the petitioner from which all the elements of first-degree criminal sexual conduct could be found. Nonetheless, the writ of habeas corpus exists only to correct errors of federal law; a state court's failure to elicit a factual basis for a guilty plea does not entitle the petitioner to a writ of habeas corpus. *Roddy v. Black*, 516 F.2d 1380, 1383 (6th Cir. 1975). It appears that the plea was voluntary and therefore unassailable here. *See Boykin v. Alabama*, 395 U.S. 238, 244 (1969).

B.

The petitioner also argues that his conviction should be vacated because, as applied to him, the statutes under which he was convicted violate his state and federal constitutional rights to due process, freedom of speech and freedom of association. He argues, as he did in the trial court, that Michigan Compiled Laws § 750.145c cannot be a qualifying felony for first-degree criminal sexual conduct because, as applied to him, it conflicts with section 750.520d, which permits sexual contact

with a person over age sixteen, and therefore it is overly broad and impinges on his First Amendment rights. He also repeats the argument that section 750.145c cannot be considered "any other felony" to elevate the crime of criminal sexual conduct to first-degree under section 750.520b(1)(c) because it is an attempt statute and merges with the substantive offense.

1.

The respondent argues that the Court should not reach the substantive questions raised by the petition because "a voluntary and intelligent plea by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508 (1984) *overruled in part on other grounds by Puckett v. United States*, 556 U.S. 129 (2009); *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

An exception to the general rule is recognized when a habeas petitioner raises constitutional claims that go to "the very power of the State to bring the defendant into court to answer the charge brought against him." *Blackledge v. Perry*, 417 U.S. 21, 30 (1974). Applying this principle, the Supreme Court has held that despite an otherwise valid guilty plea, a habeas corpus petitioner is not foreclosed from bringing a claim that his prosecution and conviction violates the prohibition on double jeopardy. *Blackledge*, 417 U.S. at 30-31; *Menna v. New York*, 423 U.S. 61, 62 (1975). But the Supreme Court has never held that this exception extends to cases where a habeas petitioner contends that the statute under which he was convicted is unconstitutional as applied to him. The Court concludes that in this case, the petitioner's guilty plea bars his assertion of federal constitutional claims unrelated to the power of the state court to prosecute him.

Even if the petitioner's constitutional claim could be reviewed under the habeas statute despite his guilty plea, the Court could not grant habeas relief because the petitioner has not shown

that the Michigan state courts unreasonably applied federal law when rejecting his federal constitutional claims. There was no reasoned decision on the constitutional argument by any of the Michigan state courts, but the Michigan Court of Appeals denied the petitioner's delayed application for leave to appeal "for lack of merit in the grounds presented" and the Michigan Supreme Court declined to hear the case because it was not "persuaded that the questions presented should be reviewed." The Sixth Circuit believes that orders of the Michigan courts denying relief in this manner are adjudications on the merits, absent some indication in the procedural record to the contrary. *Werth v. Bell*, 692 F.3d 486, 493 (6th Cir. 2012) (*citing Harrington v. Richter*, --- U.S. ---, ---, 131 S. Ct. 770, 784-85 (2011)). Where a state court has adjudicated a claim "on the merits," habeas relief is unavailable unless the petitioner shows that the adjudication of the claim is either contrary to or an unreasonable application of clearly established Supreme Court precedent. 28 U.S.C. § 2254. It is not an unreasonable application of clearly established federal laws for a state court to declined to apply a specific legal rule that has not been squarely established by the Supreme Court. *Knowles,* 556 U.S. at 122.

The federal legal proposition that petitioner asserts is that it is a violation of protections for freedom of speech and freedom of association contained in the First Amendment to the United States Constitution for the state of Michigan to criminalize communications between an adult and a minor of the age of sixteen for purposes of soliciting sex when the age of consent in Michigan is sixteen. But that is not what Michigan Compiled Laws § 750.145c prohibits. The statute criminalizes solicitation of minors — persons under age 18 — to engage in sex acts "for the purpose of producing any child sexually abusive material." Mich. Comp. Laws § 750.145c(2). The petitioner has not identified any Supreme Court precedent that remotely suggests that the First Amendment protects

such conduct. To the contrary, the Supreme Court has upheld the constitutionality of laws aimed at restricting sexual communications with and exploitation of minors. *See Ginsberg v. New York*, 390 U.S. 629, 635-35 (1968) (upholding law criminalizing sale of magazines to minors under the age of 17 despite the fact that the magazines were not obscene for adults); *New York v. Ferber*, 458 U.S. 747, 757 (1982) ("The prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance."); *see also United States v. Bailey*, 228 F.3d 637, 639 (6th Cir. 2000) (upholding constitutionality of federal statute criminalizing attempt to knowingly persuade individuals under 18 to engage in sexual acts for which any person may be criminally prosecuted). Here, despite the absence of any reasoned discussion of the issue, it cannot be said that the Michigan courts' rejection of the petitioner's argument that the statute in question violated the First Amendment was an unreasonable application of clearly established federal law.

2.

The petitioner also argues that he is entitled to habeas relief because, as a matter of statutory interpretation, Michigan Compiled Laws § 750.145c cannot be considered "any other felony" under the first-degree criminal sexual conduct statute because section 750.145c is an attempt statute and merged with the substantive offense. The Michigan court's rejection of this claim is considered to be an adjudication on the merits. *See Werth*, 692 F.3d at 493. The petitioner's argument calls into question the Michigan courts' interpretation of state law. However, this Court is bound to follow a state court's construction of a state statute. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (a state court's interpretation of state law binds court on habeas review). The petitioner has not identified any federal issue here, and the cases that he cites in support of his argument are uniformly state law cases applying state law principles of statutory construction. Habeas relief is not available

for asserted errors of state law. *Estelle*, 502 U.S. at 67-68. The petitioner is not entitled to habeas relief in this issue.

One might view the petitioner's merger argument as suggesting a violation of double jeopardy principles. The question whether punishments are multiple for purposes of double jeopardy is a matter of legislative intent. *Ohio v. Johnson*, 467 U.S. 493, 499 (1984). The Double Jeopardy Clause is not offended if the state intended multiple punishments for the same conduct. *Id.* at 499, n.8. The Michigan Court of Appeals has addressed this precise issue in a published opinion and has held that the crime of first-degree criminal sexual conduct can be based on the aggravating felony of child sexual abusive activity, which also constitutes a separate crime for which the legislature intended separate punishments. *People v. Ward*, 206 Mich. App. 38, 43, 520 N.W.2d 363, 365 (1994). The state court's determination as a matter of statutory construction that its state legislature intended multiple punishments under separate statutes is one that this Court is bound to follow. *Banner v. Davis*, 886 F.2d 777, 780 (6th Cir. 1989). There is no merit to petitioner's claim for habeas relief.

### III.

The petitioner has not established that he is presently in custody in violation of the Constitution or laws of the United States. The state courts' decisions in this case were not contrary to federal law, an unreasonable application of federal law, or an unreasonable determination of the facts. The petitioner has not established that he is presently in custody in violation of the Constitution or laws of the United States.March 4, 2013

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED.**

                                                            s/David M. Lawson  
                                                            DAVID M. LAWSON  
                                                            United States District Judge

Dated: March 4, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 4, 2013.

                                      s/Deborah R. Tofil  
                                      DEBORAH R. TOFIL